## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| NEW HAMPSHIRE INSURANCE COMPANY, | ) ) ) ) |
| **Plaintiff,** | ) ) |
| v. | )     CIVIL ACTION NO. 11-0414-CG-B ) ) ) |
| GAYLE HILL, et al., | ) ) |
| **Defendants** | ) |

## <u>ORDER</u>

This matter is before the court on the motion of defendant Gayle Hill to dismiss (Doc. 7) and plaintiff's opposition thereto (Doc. 15).  For the reasons explained below, the court will not abstain from proceeding with this declaratory judgment action. Therefore, defendant's motion to dismiss will be denied.

New Hampshire Insurance Company commenced this declaratory judgment action to determine its rights and obligations under a commercial crime, garage and property policy issued to Leisure Tyme RV, Inc. regarding claims asserted in lawsuits filed against Leisure Tyme and Leisure Tyme employees, seeking damages for their alleged failure to retire loans on the underlying plaintiffs' traded-in RVs.  All of the underlying lawsuits have reportedly been compelled to arbitration.  New Hampshire Insurance is not a party to any of the underlying lawsuits or arbitrations.

Defendant Gayle Hill moves to dismiss the instant action on the grounds of the Brillhart Abstention Doctrine. Hill argues that in the interest of fairness and efficiency, the state court should decide the coverage issues raised in this case because the state actions have been pending for several years and the instant action raises no federal questions.

New Hampshire Insurance opposes abstention, arguing that the state law actions are not parallel since it is not a party to the underlying actions, the coverage issues have not been raised in the underlying actions, and all of the underlying actions have been compelled to arbitration resulting in there no longer being any state court actions.

The court agrees with New Hampshire Insurance that the underlying actions are not parallel to this lawsuit. The state and federal actions do not involve the same parties as New Hampshire Insurance is not a party to the underlying proceedings. The court also finds that this action is not "parallel" as to the issues raised in the underlying proceedings. Here, New Hampshire Insurance seeks a declaration of its rights and obligations under an insurance policy. In the underlying proceedings the plaintiffs seek damages for the defendants' alleged failure to retire loans on their traded-in RVs. While the issues raised in the state court proceedings may be relevant to New Hampshire Insurance's obligations under the policy, the issues are not substantially the same. Thus, the actions are not parallel, but merely related. See

Essex Insurance Co. v. Foley, 2011 WL 290423 *2 (S.D. Ala. Jan. 27, 2011) (where insurer is not party to state court action and state suit does not involve insurer's coverage obligations, state court proceedings are related but not parallel).

However, in declaratory judgment actions, the lack of a parallel state court proceeding does not necessarily mean that abstention should be denied. The standard for abstention is different in declaratory judgment cases than it is in "coercive" cases. Federal courts are more likely to abstain from hearing a declaratory judgment action based on the standards articulated in Brillhart v. Excess Ins. Co. of America, 316 U.S. 491 (1942), Wilton v. Seven Falls Co., 515 U.S. 277 (1995), and their progeny than they are to abstain from hearing a coercive action based on the standards set forth in Colorado River Water Conservation Dist. v. U.S., 424 U.S. 800 (1976), and its progeny. Under Colorado River, a district court may dismiss or stay an action where there is an ongoing parallel action in state court only in "exceptional circumstances." See Moorer v. Demopolis Waterworks & Sewer Bd., 374 F.3d 994, 997 (11th Cir. 2004). The Colorado River analysis is applicable as a threshold matter only when there are parallel proceedings that "involve substantially the same parties and substantially the same issues." Ambrosia Coal and Constr. Co. v. Pages Morales, 368 F.3d 1320, 1330 (11th Cir. 2004).

The Declaratory Judgment Act is "an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant." Wilton v. Seven Falls Co.,

3

515 U.S. 277, 287, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) (citations omitted).  It gives federal courts the ability to make a declaration of rights, but it does not impose a duty to do so.  Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942).  Under the Declaratory Judgment Act, district courts have "unique and substantial discretion" to decide whether to take action and declare the rights of interested parties.  Wilton, 515 U.S. at 283, 115 S.Ct. 2137.  The Eleventh Circuit has outlined nine factors that a district court may consider in determining whether to accept or decline jurisdiction under the Declaratory Judgment Act when a related state action is pending:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
>
> (2) whether the judgment in the federal declaratory action would settle the controversy;
>
> (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;
>
> (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"—that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable;
>
> (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;
>
> (6) whether there is an alternative remedy that is better or more effective;

4

(7) whether the underlying factual issues are important to an informed resolution of the case;

(8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

(9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

See Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1330-1331 (11th Cir. 2005). This list of factors is neither absolute nor exclusive, and no "one factor is controlling." See Great Lakes Reins. (UK) PLC v. TLU Ltd., 298 F. App'x 813, 815 (11th Cir. 2008).  Indeed, the Court has no obligation to consider each and every factor on the list and is free to consider any other factors it deems relevant or significant. See id. at 815–16.  The Eleventh Circuit has "upheld a district court's refusal to assert jurisdiction where the district court had considered only two of the factors[.]" See id. at 815.

Even with the less restrictive standard for abstention, some courts have declined to abate a declaratory judgment action in favor of a state proceeding where the parties and issues in the federal suit are not parallel to those in the state court case. See Regions Bank v. Commonwealth Land Title Ins. Co., 2012 WL 1135844, *1 (S.D. Fla. Apr. 4, 2012) (denying motion to dismiss or abate stating "abstention is only appropriate where the state and federal proceedings are "parallel"—which is to say

5

that they involve the same issues between the same parties—and in this instance the parties are not the same, nor are the issues identical"); Title Pro Closings, L.L.C. v. Tudor Ins. Co., 2012 WL 125117, *4  (M.D. Ala. Jan. 17, 2012) (quoting Specialty Underwriters Alliance v. Peebles McManus L.L.C., 643 F.Supp.2d 1298, 1301 (M.D. Ala. 2009) (holding that Brillhart "does not apply where 'neither the parties nor the issues are the same in the underlying state suit.'").  In Regions Bank, the Southern District of Florida found that a parallel action is necessary even under Wilton.

> Even assuming the more lenient Wilton standard applies, "in order to consider the propriety of a stay pending disposition of state court actions, the federal and state cases must be parallel, meaning that they involve the same parties and the same issues." Exxon Corp. v. St. Paul Fire & Marine Ins. Co., 129 F.3d 781, 785 (5th Cir.1997); see also Ambrosia Coal & Const. Co. v. Pages Morales, 368 F.3d 1320, 1330 (11th Cir.2004) (federal and state proceedings must involve "substantially the same parties and substantially the same issues"). "[I]f a suit is not parallel to a state court suit, then the [ Wilton abstention doctrine] does not apply, and the court need not analyze its nine factors." Sparta Ins. Co. v. Smith, 2011 WL 2175103, at *2 (M.D.Ala. June 3, 2011).

Regions Bank, 2012 WL 1135844 at * 4.

Other courts have found that where the underlying litigation is not parallel, but merely related, abstention may still be appropriate and an analysis of the factors set forth in Ameritas is warranted. See Philadelphia Indem. Ins. Co. v. AGCO Corp., 2011 WL 2652139, at *3 n. 1 (N.D. Ga. July 6, 2011) (finding that where the insurer is not a party to the state court action and the state suit does not involve the insurer's coverage obligations, the state court proceedings are related but not parallel); ITL

6

Intern., Inc. v. Ninoshka, S.A., 2011 WL 3205590, *3 (S.D. Fla. July 27, 2011) (finding court had "broad but not unlimited discretion to decline to exercise jurisdiction over actions for declaratory relief" in circumstances where a parallel state court action does not exist). However, "[i]n such circumstances, courts have shown marked reluctance to exercise their discretion to stay or dismiss the declaratory judgment action." State Farm Fire & Cas. Co. v. Knight, 2010 WL 551262, at *3 (S.D. Ala. Feb. 11, 2010); see also Atlantic Cas. Ins. Co. v. GMC Concrete Co., 2007 WL 4335499, *3 (S.D. Ala. Dec. 7, 2007) ("A number of courts have either held or suggested that the absence of parallel proceedings undermines the premise of a Wilton discretion analysis, rendering it inappropriate or inapplicable."); Essex Insurance Co. v. Foley, 2011 WL 290423, at *2 (noting that "[a]t a minimum ... the absence of parallel proceedings is a substantial factor bearing on the Wilton/Brillhart analysis."). In the instant case, the fact that the underlying cases are no longer proceeding in state court, but have been compelled to arbitration, further weakens the appropriateness of or perhaps even obviates a Wilton/Brillhart analysis. Fed. Reserve Bank of Atl. v. Thomas, 220 F.3d 1235, 1247 (11th Cir. 2000) (finding that "[i]t is an abuse of discretion, however, to dismiss a declaratory judgment action in favor of a state court proceeding that does not exist."); Michigan Tech Fund v. Century Nat'l Bank of Broward, 680 F.2d 736, 742 (11th Cir. 1982) (reversing discretionary dismissal of declaratory judgment complaint where there was "no pending state proceeding in which the issues in this case will

7

necessarily be resolved")); <u>Smithers Const., Inc. v. Bituminous Cas. Corp.</u>, 563 F.Supp.2d 1345, 1348 (S.D. Fla. 2008) (noting that "this Court need not evaluate the <u>Ameritas</u> factors because the parallel State Declaratory Judgment Action has been dismissed."). This court has previously refused to grant abstention where the underlying case was filed in another federal district court and parties had moved to compel arbitration in the underlying case. <u>American Cas. Co. of Reading, Pennsylvania v. Sanders Hyland Corp.</u>, 2007 WL 841743, *8 (S.D. Ala. March 16, 2007) (finding that because no parallel state proceeding existed "the Brillhart abstention doctrine is inapplicable" and stating "Certainly, neither the Middle District of Alabama nor an arbitration board would be able to decide the defense and indemnity issues American Casualty has asserted in this Court since, again, at the risk of sounding like a broken record, plaintiff is not a party to the action in the Middle District of Alabama.").

In the instant case, the underlying state court actions are not parallel and have reportedly all been compelled to arbitration. Since the underlying actions are no longer proceeding in state court, it appears abstention is not appropriate and that an analysis of the <u>Ameritas</u> factors is not necessary. However, even if this court were to conduct an <u>Ameritas</u> analysis, the court finds that many of the <u>Ameritas</u> factors weigh against abstention. It does not appear that adjudicating this declaratory judgment action would in any way encroach on the state proceedings or cause friction between

8

federal and state judiciaries.  If anything, the opposite is true, as a definitive ruling by this court regarding New Hampshire Insurance's obligations to defend or indemnify may facilitate disposition of the underlying proceedings.  Moreover, it is readily apparent that the declaratory judgment action would clarify the parties' legal relations in a manner that the underlying actions cannot since New Hampshire Insurance is not a party to the underlying actions.  It is also abundantly clear that New Hampshire Insurance did not improperly multiply the proceedings or bring this action in an act of procedural fencing to race for res judicata; to the contrary, New Hampshire Insurance appears to have brought this action in the proper forum for an entirely proper purpose to resolve issues not joined in the underlying actions. Dismissing this case would be wholly unproductive and would not preserve judicial or litigant resources because the coverage issues would remain undecided after the underlying action was completed.

## CONCLUSION

For the reasons stated above, the motion of defendant Gayle Hill to dismiss (Doc. 7), is **DENIED**.

**DONE and ORDERED** this 7th day of May, 2012.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE

9